GERMÁN HAU ET AL., Plaintiffs and Appellees, *v.* GREGORIO RODRÍGUEZ, Defendant and Appellant.

No. R-62-24.    Decided February 7, 1964.

*Ponsa Feliú & Calderón* and *José Veray, Jr.,* for appellant. *A. Castro Fernández* and *F. Castro Amy* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Germán Hau and Isabela Construction Corporation filed an action for damages against Gregorio Rodríguez for breach of contract executed on June 9, 1959 by virtue of which the latter bound himself to supply the necessary stone to construct a road in Barrio Arenales of Isabela at a price

of $3.85 per cubic meter. The damages claimed amounted to $183,503.80, according to amendment made to the complaint. The trial lasted several days, both parties having submitted abundant documentary and oral evidence.

On January 17, 1962 the case was decided against defendant. He was ordered to pay $60,476.74 for damages and $1,000 for attorney's fees. On review defendant-appellant alleges that the trial court committed error: (1) in sustaining the complaint and ordering him to pay "to plaintiffs" the stated amount; (2) in granting as damages the amount of administrative penalties imposed for delay in completing the construction of the road; (3) in deciding that by January 1960 the road was ready for the stone and defendant, as of that date, defaulted in supplying it, and (4) in granting items for damages "clearly remote, unforeseen, and excessive."

After an analysis of the abundant evidence introduced and an examination of the very well prepared briefs of the parties, we decide, first, that the first three errors assigned were not committed, and if any one was committed, its commission is not so prejudicial as to produce the reversal of the judgment, or it can only produce its modification in a particular sense.

It is true, as pointed out in the discussion of the first assignment and as ground thereof, that the complaint was filed by Germán Hau and the Isabela Construction Corporation as plaintiffs, and that the judgment rendered ordered defendant to pay "to plaintiffs" the aforementioned amount of $60,476.74, the costs, and the amount of $1,000 for attorney's fees. Apparently, the judgment was rendered in favor of both plaintiffs, but considering the strict meaning of the conclusions of the court, of facts as well as of law, it is undeniable that the party entitled to the benefit of the judgment, and in whose favor it was actually rendered, is plaintiff Isabela Construction Corporation, and it is only to said Cor-

poration that the amounts stated in the judgment shall be paid. The contract for service of stone appears to be executed between Gregorio Rodríguez and Germán Hau Colón, as aforesaid, on July 9, 1959. Isabela Construction Corporation was incorporated 20 days later. On this aspect the trial court concluded:

"However, for several months prior to the date of incorporation, the Hau brothers were organized and operating under the name Isabela Construction Corporation, as if the latter were then an independent entity. Defendant had full knowledge thereof because months prior to the contract of service of stone in question, he supplied stone for reinforced concrete to Isabela Construction Corporation for the road of Arenales mentioned in the contract, as he continued to supply it after said contract.

"Said contract was executed by coplaintiff Germán Hau by orders of his brother, engineer Oscar Hau, for the benefit of Isabela Construction Corporation which, as a matter of fact, was and is engaged in the construction of the road. After executing the contract, said coplaintiff delivered it with a note in his own handwriting which appears on the back thereof, which says: 'Oscar, here is the contract for the Isabela.'

"Defendant was requested since October 1959, not only by Germán Hau but also by his brothers, also directors and officers of the plaintiff corporation, to start crushing the stone pursuant to the requisites specified in the contract of the Department of Public Works, so that he could deliver it at the site of the construction at the beginning of January 1960. And on February 26, 1960 he received a check from Isabela Construction Corporation as advanced payment for the stone object of the contract, which advance he requested from the Hau brothers.

"On the basis of these facts, even if the contract of service of stone was signed by Germán Hau and the same is dated prior to the registration of the incorporation of plaintiff Isabela Construction Corp., it is evident that the latter acquired its rights by assignment or by adoption or ratification and assumed the liabilities under said contract."

In the evidence there is ample support for the preceding conclusion of the court.

Considering that defendant's conduct in failing to perform the contract (according to the evidence believed—Tr. Ev. 84—he refused to supply the stone because he was not paid a price higher than the one stipulated) resulted, as it could be foreseen, in the delay in completing the construction of the road, we do not consider incorrect the granting of damages.

However, we consider that the amount of $28,350 granted on this account on the basis of an administrative penalty of $50 daily for delay from March 1, 1960 to September 19, 1961, last day of the trial, should be reduced to $13,300, that is, only for the time corresponding to the delay between February 22, 1960 and September 13 of said year. According to Oscar Hau's testimony the construction of the road should have been completed on January 22, 1960, but since, according to his testimony, the construction, due to natural causes "would be delayed for about one month," (Tr. Ev. 72), its delivery would have taken place, if defendant Gregorio Rodríguez had complied with his contract, on February 22. Plaintiff was not as diligent as the circumstances recommended or demanded. When Oscar Hau was asked when he had begun to look somewhere else after Rodríguez refused to supply the stone, "since the contract was going to be penalized $50 a day," he answered "We tried to exhaust every means to avoid violating a contract. *I was not going in search of the stone in another place because it was a contract I had with him.*" (Tr. Ev. 201.) (Italics ours.)

It was not until September 13, 1960 that he obtained stone for the road (as Oscar Hau also testified) from Víctor Medina, contractor Quilinchini, and from another man named Sanford. (Tr. Ev. 88, 100, and 104.) Those 206 days elapsed between February 22 and September 13, 1960, on the basis of a daily penalty of $50, authorized a penalty of $13,300, not of $28,350.

Notwithstanding the possible inconsistencies in which witness Oscar Hau may have incurred in stating the date on which the road was ready for the stone, his testimony, as a whole, was sufficient for the trial judge to determine, as he did, that it was ready at the beginning of January 1960.

As to the fourth and last assignment of error we consider it partly correct. We refer solely to the granting of the item of $2,100 for interest paid by plaintiff corporation to a bank. We consider that said item should be eliminated because the payment of such interest is a very remote consequence of the breach of contract for the service of stone. The granting of other items to which said assignment refers we consider proper. The trial judge reduced largely the items for damages that plaintiff said he had suffered. He reduced to $60,476.74 the $183,503.80 claimed. From a complete reading of the transcript of evidence and the examination of the documentary evidence, we are convinced that the trier correctly weighed the evidence and made a reasonable assay and adjustment of the damages. His conclusion on this aspect as to fact No. 17 shows a serene and painstaking consideration. It says:

"17. The other items for damages claimed by plaintiff are, in the opinion of this Court, remote consequence of defendant's breach of contract, and, therefore, they are not proper at law because they were not, or could not be foreseen on the date of the execution of the contract; and furthermore, because the evidence believed by the court was insufficient to support them."

In view of the foregoing the judgment appealed from will be modified as follows: (a) the amount of $60,476.74 granted for damages will be reduced to $43,326.76, and (b) it will be decreed that this amount shall be fully paid to plaintiff Isabela Construction Corporation, and as thus modified, the judgment appealed from will be affirmed.